**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**In re:**                                                   :
                                                             :     **Chapter 7**
                                                             :
**TODD RUFFOLO,**                                            :
                                                             :     **Case No. 18-23837-(RDD)**
                                                             :
           **Debtor.**                                       :
                                                             :
------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. § 362(j) CONFIRMING THAT AUTOMATIC STAY IS NOT IN EFFECT IN THIS CASE

Upon the motion, dated December 19, 2018 (the "Motion"), of Ocwen Loan Servicing, as servicer for U.S. BANK NATIONAL ASSOCIATION, as Trustee for HSBC Bank USA, National Association, as Trustee for the benefit of People's Financial Realty Mortgage Securities Trust, Series 2006-1, Mortgage Pass-Through Certificates, Series 2006-1 (with any subsequent successor or assign, the "Movant"), for an order, pursuant to section 362(c)(4) and (j) of title 11 of the United States Code (the "Bankruptcy Code"), confirming that the automatic stay under section 362(a) of the Bankruptcy Code is not and never was in effect in this case, including, without limitation as to the Movant's interests in 9 Pleasant Avenue, White Plains, New York 10605, the "Property"), such that the Movant can proceed to enforce its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties; and upon the objection of the above-captioned debtor, *pro se* (the "Debtor") to the requested relief; and there being no other opposition to the Motion; and upon the record of the hearing held by the Court on the Motion on March 22, 2019, at which the Debtor and counsel for the Movant appeared; and, after due deliberation, the Court having determined that the Movant has established all of the facts required for a

declaration under section 362(c)(4) and (j) of the Bankruptcy Code that the automatic stay is not and never was in effect in this case, including that this individual Debtor had two other dismissed chapter 7 cases pending within one year of the commencement of the Debtor's present chapter 7 case; and, therefore, the Court having overruled the Debtor's objection to the Motion; and good and sufficient cause appearing, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that pursuant to section 362(j) of the Bankruptcy Code, the Court confirms and declares that, as provided in section 362(c)(4) of the Bankruptcy Code, the automatic stay under section 362(a) of the Bankruptcy is not and never was in effect in this case; and it is further

ORDERED that without limiting foregoing and as a consequence thereof, the Movant is permitted to enforce its rights in, and remedies in and to, the Property under applicable non-bankruptcy law; and it is further

ORDERED that the Movant shall promptly report and turn over to the Chapter 7 trustee any surplus proceeds of the Property.

Dated: March 22, 2019
      White Plains, New York

                                  /s/Robert D. Drain
                                  HON. ROBERT D. DRAIN
                                  UNITED STATES BANKRUPTCY JUDGE